IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:17-CV-151-FL

| | |
|---|---|
| SHERRILYN PEREIRA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 20, 23). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court rejects the M&R, grants plaintiff's motion, and denies defendant's motion, remanding this matter to defendant, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings in accordance with the reasons set forth below.

## BACKGROUND

On April 17, 2014, plaintiff filed application for period of disability and disability insurance benefits, alleging disability beginning April 1, 2008. The application was denied initially and upon reconsideration. Plaintiff filed a request for hearing before an administrative law judge ("ALJ"), who, after a November 3, 2016, hearing, denied plaintiff's claims by decision entered February 23, 2017. Following the ALJ's denial of his application, plaintiff timely filed a request for review, and

the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed a complaint in this court on August 4, 2017, seeking review of defendant's decision.

## COURT'S DISCUSSION

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

2

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of April 1, 2008, through her date last insured ("DLI") of December 31, 2012. At step two, the ALJ found that plaintiff had the following severe impairments: post-traumatic stress disorder ("PTSD"); military sexual trauma ("MST"); opioid dependence; cannabis dependence; major depressive disorder; mood/bipolar disorder; borderline personality disorder; chronic pelvic/abdominal pain/endometriosis/irritable bowel syndrome, status-post surgeries. However, at step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform work at the light exertional level with the following limitations: she must avoid concentrated exposure to workplace hazards, such as dangerous moving machinery and unprotected heights, and she had the capacity to understand and perform simple, routine, repetitive tasks, and maintain concentration, persistence and pace to stay on task for periods of 2 hours at a time over the span of typical 8-hour workday in order to perform such tasks, in a low stress work-setting, which, in addition to the nature of work being performed, is also characterized as a work-setting that is not production-pace or quota based, rather a goal-oriented job that primarily deals with things rather than people, with no more than occasional changes in the work-setting, no more than occasional social interaction with the supervisors and co-workers, but no work with public as part of the job, such as sales or negotiation, which does not preclude incidental or causal contact that might arise during the course of the day.

At step four, the ALJ concluded plaintiff is unable to perform past relevant work, but in considering plaintiff's age, education, work experience, and RFC, determined there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.  Analysis

In June 2008, roughly two months after the alleged date of disability onset, plaintiff was granted full service-connected disability by the Department of Veteran Affairs ("VA") including a 100% service-connected rating for her PTSD, "bipolar disorder and history of substance abuse" and 50% service-connected rating for her "endometriosis, status post ruptured ovarian cyst" ("2008 rating decision"). (Tr. 223-226, 601). On April 29, 2016, Dr. Saunders, the VA examining psychologist, examined plaintiff and filled out a "Review Post Traumatic Stress Disorder (PTSD) Disability Benefits Questionnaire," diagnosing plaintiff with PTSD, unspecified mood disorder, and unspecified personality disorder ("2016 reassessment"). (Id. 1910-18). Dr. Saunders reviewed plaintiff's previous medical records, including specifically a psychological PTSD review from December 31, 2013 and mental disorders exam from March 4, 2008, concluding plaintiff has "[t]otal occupational and social impairment." (Id. 1912-13). Following this examination, plaintiff maintained her 100% service-connected disability status with the VA. (See id. 223).

Plaintiff argues that pursuant to Bird v. Commissioner of Social Security Administration, 699 F.3d 337, 343 (4th Cir. 2012), the ALJ erred in not giving substantial weight to the 2008 rating decision and, relatedly, erred by not addressing the 2016 reevaluation.[1]

---

[1] The magistrate judge rejected plaintiff former argument, and plaintiff did not specifically present the latter argument to the magistrate judge. Thus the magistrate judge did not address this argument. (See DE 21 at 29-20); Wheeler v. Berryhill, No. 5:16-CV-00225-FL, 2017 WL 3493616, at *2 (E.D.N.C. Aug. 15, 2017) ("Although the court is required to review de novo all arguments related to an issue raised before the magistrate judge, new issues never raised

5

The Fourth Circuit in Bird held that "in making a disability determination, the SSA must give substantial weight to a VA disability rating," although an ALJ "may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." 699 F.3d at 343.

The Fourth Circuit has recently clarified when "deviation is appropriate" under the Bird standard, in the context of evaluating a disability determination by the North Carolina Department of Human and Health Services ("NCDHHS"), stating:

> We now conclude, consistent with our sister circuits, that in order to demonstrate that it is "appropriate" to accord less than "substantial weight" to an NCDHHS disability decision, an ALJ must give "persuasive, specific, valid reasons for doing so that are supported by the record". . . . For example, an ALJ could explain which aspects of the prior agency decision he finds not credible and why, describe why he finds other evidence more credible, and discuss the effect of any new evidence made available after NCDHHS issued its decision. This list is not exclusive, but the point of this requirement—and of these examples—is that the ALJ must adequately explain his reasoning; otherwise, we cannot engage in a meaningful review . . . .

Woods v. Berryhill, 888 F.3d 686, 692–93 (4th Cir. 2018) (citations omitted).

In addition, regardless of the source, the ALJ must evaluate every medical opinion received. 20 C.F.R. §§ 404.1527(c); 416.927(c). In general, the ALJ should give more weight to the opinion of an examining medical source than to the opinion of a non-examining source. Id. §§ 404.1527(c)(1), 416.927(c)(1). "Without . . . specific explanation of the ALJ's reasons for the differing weights he assigned various medical opinions, neither [the court of appeals] nor the district court can undertake meaningful substantial-evidence review." Monroe, 826 F.3d at 191.

Finally, regarding medical evidence dated after plaintiff's DLI, the Fourth Circuit has held that "retrospective consideration of evidence is appropriate when 'the record is not so persuasive

---

before the magistrate judge do not require such an analysis."). Because the latter argument is related to an issue raised before the magistrate judge, the court will review it de novo.

6

as to rule out any linkage' of the final condition of the claimant with his earlier symptoms." Bird, 699 F.3d at 341; see also Abernathy v. Astrue, No. 4:08-CV-99-FL, 2009 WL 1578533, at *2 (E.D.N.C. June 3, 2009) (citing Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir.1987) (holding an ALJ may not consider post-DLI records to be automatically irrelevant where those records may be probative of plaintiff's pre-DLI disability status).

Here, remand is required for multiple reasons regarding the 2016 reevaluation.[2] First, the ALJ failed to mention the 2016 reevaluation anywhere in his decision, much less explain why he gave less weight to the opinion of Dr. Saunders as found in the reevaluation than other opinions in the record.[3] Relatedly, because there was no discussion of the 2016 reevaluation or discussion of any of the post-DLI records submitted, the court is unable to determine whether the ALJ performed the necessary task of determining linkage between the post-DLI evidence and plaintiff's earlier symptoms or whether the ALJ impermissibly found the post-DLI records to be automatically irrelevant. See Monroe, 826 F.3d at 191; Wooldridge, 816 F.2d at 160.

Defendant argues that because the 2016 reevaluation is not relevant and does not relate back to the relevant time period, the ALJ was under no obligation to discuss it. (See DE 27 at 4-5). First, defendant offers post-hoc reasons for giving less weight to the opinion of Dr. Saunders, as found in the 2016 reevaluation, which the ALJ never expressed in the first instance. This failure to explain

---

[2] Given the court's holding above, the court declines to specifically address plaintiff's allegation of error regarding the 2008 rating decision. However, upon remand, defendant should take into consideration plaintiff's remaining allegation of error.

[3] Although the Fourth Circuit's holdings in Bird and Woods are not directly applicable to plaintiff's 2016 reevaluation in that the 2016 reevaluation is evidence in support of the VA's reevaluation of its prior 2008 rating decision, the court is mindful of the Fourth Circuit's direction as found in these opinions regarding VA disability determinations.

7

weight given to Dr. Saunders's opinion independently requires remand. See Monroe, 826 F.3d at 191.

Second, the main focus of the 2016 reevaluation is plaintiff's condition at the time of reassessment. (See Tr. at 1911 (reevaluation repeatedly refers to diagnosis as applying "at this time"); id. at 1913-14 (reevaluation discussing only relevant history since "most recent exam dated 31 Dec. 2013); id. at 1917 (reevaluation concluding "[b]ased on a thorough review of available medical records" and "information gleaned from today's evaluation," plaintiff "currently" meets DSM-5 criteria for PTSD, unspecified mood disorder, and unspecified personality disorder).

However, the 2016 reevaluation concerns plaintiff's severe mental impairments, including specifically her PTSD, which the ALJ found to be a severe and ongoing impairment during the time in question. It is undisputed that the 2016 reevaluation assessed the same disabilities plaintiff had during the time period at issue, and plaintiff argues repeatedly that the "2016 psychological evaluation of the VA supported the continuation of Pereira's 100% service-connected disability from 2008 through 2016." The ALJ could have found the 2016 reevaluation irrelevant or relevant, but the ALJ was not free to wholly ignore this medical opinion in the ALJ's decision. See 20 C.F.R. § 404.1527; Parker v. Berryhill, 733 F. App'x 684, 687–88 (4th Cir. 2018) ("we determined that it was inappropriate to fail to consider the evidence even though it was generated post-DLI . . . . while Parker contends that the ALJ failed to draw the appropriate conclusions from—and give the appropriate weight to—the post-DLI medical evidence, the ALJ was only required to review the evidence for linkage . . . . Here, the ALJ examined Meyers' assessment and found no linkage. ").

Plaintiff's case stands in contrast to the circumstances before the Fourth Circuit in Johnson v. Barnhart, 434 F.3d 650, 656 (4th Cir. 2005), for example, where the court held it "need not

8

determine whether substantial evidence supports the ALJ's rejection of the assessment" because the assessment:

> was submitted almost nine months after Johnson's last insured date of June 30, 2001. Johnson has made no argument that the disabilities contained in the assessment existed continuously from June 30, 2001 to the present, and there is no objective medical evidence that the impairments observed by Dr. Cavender in 2002 existed prior to June 30, 2001. Therefore, we find no merit to Johnson's argument that the ALJ failed to give proper weight to Dr. Cavender's 2002 assessments.

Finally, it is undisputed that the ALJ specifically requested the records at issue and that those records were made part of the record. In hearing, the ALJ stated:

> ALJ: There's no records in the file after 2014. So where are those?
> ATTY: I've requested those from the VA . . . .
> ALJ: . . . . So I'm going to hold the record open for 30 days. That's quite a bit of information so hopefully you'll be able to get all that. So I need any an all outstanding medical records that haven't been submitted yet plus VA information with their detailed rating assessment . . . . <u>Granted I'm only primarily looking at 2012 because that's your date last insured, but assuming I find you were disabled back then, I have to determine that you're still disabled currently so it's important that we have all of those records</u>.

(Tr. 41-42 (emphasis added)). The ALJ additionally noted in his order that the additional documents requested, including the record at issue, were "submitted after the hearing [and] were entered into the record as Exhibits 7D, llF, 12F, 13F, 14F, 15F, 16F, 17F, 18F and 19F. All evidence submitted after the hearing received full consideration." (Tr. 18).

Based on the above, it is not clear whether the ALJ found the post-DLI records to be irrelevant to plaintiff's disability determination. See Abernathy, 2009 WL 1578533, at *2 (holding ALJ was in error where "the ALJ clearly stated that she believed post-DLI evidence was not <u>relevant</u> to the disability determination in this case at plaintiff's hearing."). However, it is undisputed that the ALJ did not reference, summarize, or analyze Dr. Saunders's reevaluation nor did the ALJ

9

reference, summarize, or analyze any other post-DLI records submitted; thus the court cannot say that the ALJ considered any of the post-DLI evidence, including the 2016 reassessment.

## CONCLUSION

Based on the foregoing, and upon de novo review of the administrative record, the court REJECTS the recommendation in the M&R, GRANTS plaintiff's motion for judgment on the pleadings, (DE 20), DENIES defendant's motion for judgment on the pleadings, (DE 23) and REMANDS this matter to defendant, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings in accordance with the reasons set forth above. The clerk is DIRECTED to close this case.

SO ORDERED this the 28th day of September, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge